UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


JOHN CRAWLEY,

      Plaintiff,

v.                                                         3:05-cv-244

P.R. HALL, et al.,

      Defendants.


## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff John Crawley ("Crawley"). The matter is before the court on the defendants' motion for summary judgment and plaintiff's response thereto, as well as various non-dispositive motions filed by the plaintiff. For the following reasons, the motion for summary judgment [Court File No. 41] will be **GRANTED** and this action **DISMISSED**. All other remaining motions will be **DENIED** as **MOOT**.

I.      Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.     Factual Background

Plaintiff Crawley is in the custody of the Tennessee Department of Correction (TDOC) and is housed at Brushy Mountain Correctional Complex (BMCX). The defendants are eight BMCX officials: P.R. Hall, Sandy Hall, Steve Potter, Alan C. Williams, Diane Gilmore, Charles Davidson, Roland Colson, and Doug Cook.

Crawley alleges that he was retaliated against, after making repeated complaints to Unit Manager Alan C. Williams and Shift Commander Doug Cook about the mental abuse Crawley received from P.R. Hall and Sandy Hall, and their racist comments to him. According to Crawley, as retaliation he received a frivolous disciplinary write-up on January 22, 2005, in violation of due process, and when he complained of that action, he was wrongly accused of flooding his cell on March 7, 2005. As a result of the disciplinary write-up for flooding his cell, Crawley alleges he was housed under illegal conditions, specifically confinement to an unsanitary cell without running water or any personal hygiene items. Crawley also makes general allegations of a conspiracy on the part of the defendants to retaliate against him for his complaints.

The defendants do not address the alleged original January 22 write-up, which Crawley claims was dismissed. They do admit that on March 7, 2005, pursuant to TDOC policy, Crawley was placed on behavior management status for flooding his cell and kicking his cell door. Diane Gilmore was the reporting official on the disciplinary write-up.

Crawley was moved to another cell in the High Security Annex, the water to the cell was turned off, and Crawley's shoes were confiscated. Crawley spent four days on behavior management status. During that time he was offered showers, fed his meals, and the water was turned on regularly so he could use the toilet. During that time he also had access to medical staff and was checked periodically by the floor supervisor and shift commander. Crawley was then returned to his original cell and his privileges restored. Crawley does not

dispute these claims. On March 14, 2005, Crawley was convicted of the disciplinary report for flooding his cell; Charles Davidson was the chair of the disciplinary board that convicted Crawley. According to the defendants, Crawley did not appeal that conviction, and Crawley does not dispute this. The defendants deny that Crawley was threatened or subjected to retaliation. [Court File No. 42, Affidavit of Alan Craig Williams, pp. 1-3, and attached exhibits].

III.	Discussion

Crawley's claim that he was denied due process in his prison disciplinary proceedings would implicate the validity of his disciplinary conviction and resulting sanctions, and thus is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Moreover, plaintiff's placement in segregation on behavior management status does not present an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and therefore fails to state a claim for relief under § 1983. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. *See also Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) ("The plaintiff's placement in administrative segregation was not an atypical and significant hardship, as intended by *Sandin*, within the context of his life sentence.").

With respect to Crawley's claim that he was threatened by P.R. Hall and Sandy Hall, and subjected to racist comments, allegations of verbal abuse, threats or defamation by a guard to a prisoner, without more, are not cognizable under §1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). In order to state a claim for relief under §1983, there must be an actual infringement of a constitutional right, not merely a threat to do so. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985). *See also Young v. Ward,* No. 97-3043, 1998 WL 384564 *1(6th Cir. June 18, 2000) (unpublished decision) ("the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude").

As for Crawley's conspiracy allegations, "[i]t is well-settled law that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Crawley has stated no specific factual allegations to support his claim of conspiracy.

IV.     Conclusion

The defendants are entitled to judgment as a matter of law and their motion for summary judgment will be **GRANTED**.  This action will be **DISMISSED WITH PREJUDICE**.  All other remaining motions will be **DENIED** as **MOOT**.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.


**AN APPROPRIATE ORDER WILL ENTER.**


                                             s/ Leon Jordan
                                        United States District Judge